**Lester BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47707.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Paul Cedillo, Jr., Rosenberg, for appellant.

Ogden Bass, Dist. Atty., Douglas Behrendt, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of robbery by assault. Punishment was set at five years' confinement.

In his first two grounds of error, the appellant contends that there is no evidence that he was actually present at the commission of the offense, and that the evidence is generally insufficient to sustain the conviction.

The victim, Beno Stubblefield, testified that he went to a tavern in West Columbia at approximately 10:00 o'clock p. m. on October 28, 1972. Thereafter, upon going outside, he was grabbed trom the front by a person whom he identified as Joel Ras-

sew. As he was grabbed by Rassew, he was knocked to the ground by a blow on the head administered by someone behind him. When he got up, he saw two persons running from the scene of the assault. He positively identified one of them as Joel Rassew. The other he identified as being a person with a hairy face who looked like the appellant. He discovered that his wallet, which contained approximately $375.00, was missing.

The owner of the tavern, Roscoe Campbell, Jr., testified that appellant and Joel Rassew arrived at his place separately on the night in question. Prior to the robbery he had seen appellant and Rassew together in his tavern, and at one point appellant had unsuccessfully attempted to borrow some money from him. He further testified that he went outside to move his car, and as he returned he saw Joel Rassew and appellant running around the front of the building just as he heard Beno Stubblefield yell for them to stop, as they had just robbed him. He positively identified appellant as one of the two persons seen running from the scene of the assault. He saw them plainly, and testified that they almost ran over him as they ran from the scene. Both Campbell and Stubblefield testified that when Stubblefield came into the tavern after the assault and reported the robbery, Campbell told Stubblefield that he knew who did it and that it was Rassew and the appellant.

The appellant admitted having been in the tavern earlier on the day of the assault, but maintained that he left about 8:30 or 9:00 o'clock and arrived home at about 9:30 or 9:45. He testified that he went home to eat and that after eating he just sat around the house and watched television for the rest of the evening. He testified that he had long sideburns when he was arrested for the offense, but that he later shaved them off. He positively denied being present at the time of or participating whatever in the assault and robbery.

■ The testimony of the victim and the owner of the tavern definitely put appellant at the scene of the assault. Both identified him as one of the two men who were seen running from the scene immediately after the assault. They both had seen him previously in the tavern. The owner had seen him with Rassew. The victim remembered him as being the only one present in the tavern whom he had not seen before. Therefore, appellant's contention that there is no evidence placing him at the scene of the crime is without merit.

■ We next consider the sufficiency of the evidence that appellant was guilty as a principal. Appellant and Rassew had been together prior to the assault. Appellant had attempted to borrow money from the owner without success. It was definitely established that two persons were engaged in the assault, and that one of them was Rassew. The person striking the victim had a hairy face or long sideburns, as did the appellant. Only two persons fled from the scene of the assault immediately after its occurrence, and appellant and Rassew were definitely identified as being these persons.

■ Viewing the entire record and the cumulative total of the evidence in the light most favorable to the jury verdict, as we are required to do in cases of this kind, we conclude that the circumstantial evidence was sufficient to sustain the verdict. While the act of running from the scene of the assault is of itself not proof of guilt, it is a circumstance which may properly be considered in connection with all the other evidence, particularly when the accused does not explain or excuse his flight but denies even being present. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340; Williams v. State, Tex.Cr.App., 489 S.W.2d 614. The jury may properly consider not only the State's evidence, but also that presented by the defendant, in determining the issue of guilt. Younger v. State, Tex.Cr.App., 457 S.W.2d 67.

It is not necessary that every fact point independently and directly to the guilt of the defendant. It is enough if the conclusion of guilt is warranted by the combined and cumulative force of all incriminating circumstances. Jones v. State, Tex.Cr.App., 442 S.W.2d 698; Frison v. State, Tex.Cr.App., 473 S.W.2d 479; Parish v. State, 85 Tex.Cr.R. 75, 209 S.W. 678; Finch v. State, 89 Tex.Cr.R. 363, 232 S.W. 528. Grounds of error 1 and 2 are overruled.

In ground No. 3 the appellant complains of the trial court's refusal to grant a new trial on the basis of newly discovered evidence. A hearing was held on the motion for new trial, at which James McDondle, Jr., testified that he was playing pool with the appellant from 9:30 p. m. until 11:00 p. m. at the White Lily pool room at Needville on the night of the offense. He also testified that Leroy Lott played pool with them on that occasion. He testified that he did not realize that the appellant was accused of the robbery until recently, and that when he realized it he came forward with this information which had not previously been known by the appellant's attorney. Lott also testified, but he was not definite as to the date the parties played pool together. The appellant contends that because of this "newly discovered" evidence a new trial should have been granted. We overrule this contention. Since appellant must have known prior to the trial where he was and what he was doing, and who he was with, the evidence of alibi presented by McDondle could not have been considered as "newly discovered." Hilton v. State, Tex.Cr.App., 443 S.W.2d 843. In addition, appellant himself contradicted the evidence of McDondle as to the alibi, as he testified that at the time of the offense he was at home with his mother and remained there from 9:30 p. m. throughout the remainder of the evening watching television.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.