**Brenda Gail MOSES, Appellant,**

v.

**The STATE of Texas.**

**No. B14–81–440–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1982.

Mickey R. Palmer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ON MOTION FOR REHEARING

PAUL PRESSLER, Justice.

Upon motion for rehearing appellant accepts the disposition of grounds one and three in our original opinion. Appellant presents no new argument for ground two and his motion on that point is denied. 630 S.W.2d 337, Tex.App.

Appellant has sufficiently narrowed her argument in ground four and we feel compelled to address her specific contention upon rehearing. Appellant correctly argues that *Red Bluff* abstained from passing upon the merits of Section 43.23(e) and (f) Tex. Penal Code Ann. (Vernon Supp.1982). Specifically, the court in *Red Bluff* held

> the state courts of Texas .... deserve the opportunity to determine in the first instance how these presumptions shall operate in the state's regulatory scheme. Texas courts may, in their formulation of jury instructions, obviate any conflict between the application of the presumptions and due process and First Amendment requirements.

*Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020, 1032 (5th Cir. 1981). A footnote to the above points out that Section 2.05 of the Texas Penal Code (Vernon Supp.1982) prescribes rules for presumptions under the Penal Code such as those set out in (e) and (f). *Red Bluff*, supra at 1032, n. 13.

Appellant's conviction was based, in part, upon 43.23(e) only. Her conviction was in no way based upon the use of subsection (e) and subsection (f) together. We do not reach the question or the problems which might occur in adding one presumption to another. The sole question before us is whether subsection (e) creates a permissible presumption. Subsection (e) provides that one who possesses obscene materials or devices with intent to promote them is presumed to have knowledge of their character. This presumption was used in conjunction with appellant's conviction under section 43.23(c)(1) Tex.Penal Code Ann. (Vernon Supp.1982) which reads in pertinent part:

> (c) a person commits an offense if, knowing its content and character, he:

> (1) promotes ... any ... obscene device...

The United States Supreme Court has recently dealt with presumptions stating:

> Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of a crime—that is, an 'ultimate' or 'elemental' fact—from the existence of one or more 'evidentiary' or 'basic' facts. [citations omitted]... [T]he ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the fact finder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt. [citations omitted].

> The most common evidentiary device is the entirely permissive inference or presumption, which allows but does not require the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant. [citations omitted]. In that situation the basic fact may constitute prima facie evidence of the elemental fact. [citations omitted]. When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. [citations omitted]. Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

*County Court of Ulster County, New York v. Allen*, 442 U.S. 140 at 156–157, 99 S.Ct. 2213 at 2224, 60 L.Ed.2d 777 (1979).

Section 2.05 of the Texas Penal Code (Vernon Supp.1982) provides in pertinent part

(2) [I]f the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

■ This charge was properly given to the jury. Clearly, these instructions to the jury establish a permissive presumption. The United States Supreme Court has indicated that in considering the validity of permissive statutory presumptions, such as the one here, a court should evaluate the presumption as applied to the record before the court and should not pass on the constitutionality of this kind of statute "on its face." *Ulster County Court v. Allen, supra* at 162–163, 99 S.Ct. at 2227; *Parent v. State*, 621 S.W.2d 796 (Tex.Cr.App.1981).

■ As applied to the facts of this case, the presumption that appellant had knowledge of the content and character of the obscene device is entirely rational.

The "evidentiary" or "basic" facts giving rise to this presumption are

(1) a person promotes (sells)

(2) an obscene device (a dildo)

(3) in the course of business.

Tex.Penal Code Ann. § 43.23(e) (Vernon Supp.1982).

The evidence indicated that the appellant was working in the Look and See Book Store which contained three walls of "adult" magazines. There were also glass cases around the cashier's booth containing artificial penises and vaginas. Furthermore, there were "peep shows" in booths where persons could watch films for a quarter. Further testimony showed the dildo which was sold was wrapped in cellophane and, therefore, could be viewed in its entirety. A picture of the dildo included in the record on appeal shows it to be anatomically correct, although exaggerated in size. Certainly when a device such as this is sold, a jury could infer even without the aid of a presumption that the seller knew its character. A three dimensional obscene device is entirely different from pages of printed material.

From the "basic" facts the prosecution proved, there is no question but that the "ultimate" or "elemental" fact of knowledge of the character of the item is based on a "rational connection" such that the latter is "more likely than not to flow from the former." *Ulster County Court, supra* 442 U.S. at 165, 99 S.Ct. at 2228. *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, (1943); *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

■ This decision does not conflict with the holding of *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) as appellant contends. *Smith* rejected out of hand a state statute which made the seller of obscene material guilty, regardless of his knowledge of the contents. No such statute is involved in this appeal. The majority opinion in *Smith* clearly disavowed any interpretation that the holding would emasculate prosecution for obscenity. The opinion stated:

Eyewitness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of its contents. The circumstances may warrant the inference that he was aware

of what a book contained, despite his denial.

*Smith*, supra at 154, 80 S.Ct. at 219.

Surely in this case, the circumstances are such that an inference of knowledge is justified. So long as obscenity measures and presumptions are based on rational connections and probabilities, the risk to constitutionally protected speech or press is negligible, if any. *See generally, People v. Kirkpatrick*, 32 N.Y.2d 17, 343 N.Y.2d 70, 295 N.E.2d 753 (1973), *appeal dismissed for want of a substantial federal question sub nom., Kirkpatrick v. New York*, 414 U.S. 948, 94 S.Ct. 283, 38 L.Ed.2d 204 (1974).

Appellant's motion for rehearing is denied.