Clarence Harold **PORTER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–255–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1982.

Discretionary Review Granted Nov. 17, 1982.

William R. Magnussen, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for the State.

Before MASSEY, C.J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

* See also *Tyree v. State,* 638 S.W.2d 245, Fort Worth Court of Appeals, August 18, 1982.

This appeal is from conviction of the commercialization of obscene films. V.T.C.A., Penal Code sec. 43.23.

Upon the trial court's verdict of guilty, the trial judge assessed punishment at six months confinement in the county jail probated for one year and a $1,000.00 fine.

We affirm.

On November 6, 1979, Officer L.W. Goodwin executed a search warrant at the Ellwest Theater in Fort Worth. Officer Goodwin observed appellant sitting behind the counter in the lobby where several stacks of four quarters were lying. Appellant gave a man change from the stacks of quarters for a movie film to insert into a coin-operated movie projector.

Officer Goodwin, along with other officers, seized numerous untitled 16mm color movie films. Appellant's rights were read to him at the time of arrest and again when he was taken before the magistrate.

At trial the parties stipulated that under current community standards, the seized films would be found obscene by a jury in Fort Worth, Tarrant County, Texas. Appellant stipulated to the facts of the offense and to the facts of his arrest.

Appellant asserts four grounds of error. In his first ground of error he alleges that the court erred in not finding the defendant not guilty after trial in that the term "patently offensive" as contained in Sec. 43.-21(a)(4) of the Texas Penal Code is unconstitutional as overly broad and void for vagueness. He argues that it measures offensiveness upon a community standard of decency instead of tolerance and that the word "decency" is not a word of art; that because of its very nature, it sweeps within its ambit protected as well as unprotected expression.

Section 43.21(a)(4) defines "patently offensive" to mean "so offensive on its face as to affront current community standards of decency."

Where there is a challenge to the constitutionality of a statute, it is vested with a presumption of validity and this court must construe it so as to uphold its constitutionality when possible. Tex. Penal Code Ann. Sec. 1.05(b) (Vernon 1974); Tex. Rev. Civ. Stat. Ann. art. 5429b–2, § 3.01(1) (Vernon Supp. 1982), *Ely v. State,* 582 S.W.2d 416 (Tex. Cr. App. 1979).

■ The traditional test of unconstitutional vagueness is whether the terms of the statute are so indefinite that "men of common intelligence must necessarily guess at its meaning and differ as to its application". *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

Overbreadth is a concept parallel to the doctrine of vagueness. While vagueness speaks to the issues of notice and adequate standards, overbreadth speaks to the issue of whether the language of the statute is so broad that it criminalizes conduct protected under the Constitution. *Dombrowski, et al. v. Eastland, et al.,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1966).

■ There seems to be no doubt that the line drawn between protected expression and punishable obscenity must be drawn at the limits of a community's tolerance rather than in accordance with the dangerous standards of propriety and taste. *Smith v. United States,* 431 U.S. 291, 305, 97 S.Ct. 1756, 1766, 52 L.Ed.2d 324 (1977).

■ The U.S. Supreme Court has not mandated the use of the word "tolerance" nor has it excluded "decency" as used in the Texas statute. So long as the fact finder does not employ personal subjective reactions and uses as one factor what is tolerated by the average person in determining a contemporary community standard of decency the Texas statute is not overly broad. *Shelton v. State,* No. B14–81–398–CR (14th Ct. of App.—Houston, May 20, 1982).

■ On its face the Texas statute is not unconstitutional. We so hold in full awareness that we differ from the Houston Court of Appeals, *Stonelake v. State,* No. 01–81–0670–CR (Tex. Cr. App.—Houston [1st Dist.], July 15, 1982).

We also find that the statute has not been shown to have been unconstitutionally applied in this case. There may be a danger of unconstitutional application of the statute in particular cases. The term "decency" as used in contemporary society is descriptive of a state of property or affairs clearly divided from those termed "indecent". There may be degrees of indecency which are tolerable and not so offensive as to affront current community standards of decency.

An otherwise vague State obscenity statute may be saved by "authoritative construction". *West v. State,* 514 S.W.2d 433 (Tex. Cr. App. 1974). If properly charged a jury in any particular case would be guided by an instruction to avoid the danger of unconstitutional application of the statute.

■ The El Paso Court of Appeals has recognized, as we do, that in the trial of a case there should be a court instruction limiting the community standard to that of tolerance. *Garcia v. State,* 633 S.W.2d 611 (Tex. Cr. App.—El Paso, 1982).

The case under test was tried before the court without a jury and there were no findings of fact or conclusions of law made by the court. Therefore, it is presumed that the application of the statute was not unconstitutional.

Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred in that it failed to find the obscenity statute unconstitutional because the statutory definition of "promotes", read in conjunction with the definition of obscene material in Sec. 43.-21(a)(2) and obscene devices in Sec. 43.-21(a)(7), can be read to sweep within its ambit acts the state cannot criminalize.

Regulations will be invalidated only if the overbreadth is substantial. *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

V.T.C.A., Sec. 43.21(a)(2) defines "material" to mean "anything tangible that is capable of being used or adapted to arouse interest, whether through the medium of reading, observation, sound, or in any other manner, but does not include an actual three dimensional obscene device."

Section 43.21(a)(7) defines "obscene device" to mean "a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs."

The obscene material in this case does not include any device as defined in 43.21(a)(7), therefore it is not necessary to consider this portion of the statute for purposes of this appeal.

The statutory definition of "promote" is to "manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same." V.T.C.A. Sec. 43.-

21(a)(5). " 'Wholesale promote' means to manufacture, issue, sell, provide, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, or to offer or agree to do the same for purpose of resale." V.T.C.A. Sec. 43.21(a)(6).

A recent federal case upheld the constitutionality of the subsection of the Texas statute defining "material and performance" as neither unconstitutionally vague nor facially overbroad, and found that defining "wholesale promote" in terms of various kinds of acts which have as their purpose the "resale" of obscene materials or devices confines definition to commercial transactions, and does not present an overbreadth threat. *Red Bluff Drive-in, Inc. v. Vance,* 648 F.2d 1020 (5th Cir. 1981).

The Court of Appeals abstained from ruling directly on the subsection defining "promote", the act element of the offense prohibited, in order to give Texas courts the opportunity to find marital, medical and other necessary exceptions narrowing the scope of the definition. *Red Bluff Drive-in, supra.*

■ Examples of exceptions to the definition of "promote" to limit the range of prohibited acts include a husband providing his wife with a commercially available vibrator and a doctor counseling his patient on surgical procedures for the implantation of a penile prosthesis. The right to possess obscene material does not extend to the business of obscenity. *Locke v. State,* 516 S.W.2d 949 (Tex. Civ. App.—Texarkana, 1974). Therefore, it is not necessary for this court to determine exceptions limiting "promote" since no possible exception exists within the facts of this case.

Appellant's second ground of error is overruled.

In his third ground of error appellant alleges that the court failed to find that sec. 43.23(e) and (f) are unconstitutional in that these presumptions are in violation of the Fourteenth Amendment due process, and that the section eliminates the necessity of proving scienter.

Section 43.23(e) provides that "[a] person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character."

Section 43.23(f) provides that "[a] person who possesses six or more obscene devices or identical or similar obscene articles is presumed to possess them with intent to promote the same."

■ The general common law rule that intent or knowledge may be inferred from conduct is applicable in this case. Even without the statutory presumption, the affidavit provides sufficient facts to support a finding of probable cause. It recites timely, personal observation by the affiant of the appellant's sale of obscene material. The description of the content of the films sufficiently demonstrates material within the ambit of Section 43.21.

In *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) the court wrote that for a constitutionally acceptable criminal presumption, there must be substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. The 43.23(e) and 43.23(f) presumptions withstand the test of *Leary.* The presumptive link is rationally founded on an expectation that a merchant, seeking to maximize profits and operate a successful business, will know the features of his wares. *Garcia v. State, supra.*

The Texas statute does not dispense with mental culpability. It merely provides an evidentiary presumption as to that element, which may or may not arise from the facts of the particular case.

Scienter refers to the defendant's previous knowledge of the cause which led to the injury complained of and is frequently used to signify the defendant's guilty knowledge. Black's Law Dictionary, 4th Ed. Rev. (1968).

So long as obscenity measures and presumptions are based on rational connections and probabilities, the risk to constitutionally protected speech or press is negligible. *Moses v. State,* 633 S.W.2d 585 (Tex. Cr. App.—Houston [14th Dist.] 1982); *People v. Kirkpatrick,* 32 N.Y.2d 17, 343 N.Y.S.2d 70, 295 N.E.2d 753 (1973).

Applying the facts of this case, there is no error by the presumption that appellant had knowledge of the content and character of the material.

Appellant's third ground of error is overruled.

In his fourth ground of error appellant alleges that there is insufficient evidence to sustain the conviction in that there is no connection between the appellant and the films seized and there is no showing that the film prosecuted was one of the films seized.

■ To sustain a conviction, it is sufficient if the conclusion of guilt is warranted by combined and cumulative force of all incriminating circumstances. *Baker v. State,* 504 S.W.2d 872 (Tex. Cr. App. 1974).

■ In commercial obscenity prosecution, mere presence is a circumstance tending to prove guilt as a party. *Keller v. State,* 606 S.W.2d 931 (Tex. Cr. App. 1980).

In this case the officer observed appellant working behind the counter; at the Ellwest Theater he also observed several stacks of four quarters on the counter for use in coin-operated movie projectors and when a young, white male requested change, appellant gave it to him from the stacks of quarters. Further, pursuant to a search warrant, the officer seized eleven 16mm color films, which were marked and tagged as evidence.

■ We find that this evidence was sufficient to sustain appellant's conviction.

Appellant's fourth ground of error is overruled.

Judgment affirmed.