

# The Attorney General of Texas

March 24, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gerald A. Fohn
District Attorney
Tom Green County Courthouse
Room 315
San Angelo, Texas    76903

Opinion No. JM-456

Re: ·Constitutionality of section
28.03(c) of the Texas Penal Code,
which creates a presumption about
the guilt of a person in whose
name utilities are billed

Dear Mr. Fohn:

You have asked several questions about certain Penal Code provisions concerning tampering with public utility meters. Your first question is: "Is the presumption contained in section 28.03(c) of the Texas Penal Code constitutional?" Section 28.03, which governs the offense of "criminal mischief," provides:

> A person commits an offense if, without the effective consent of the owner:
>
> (1) he intentionally or knowingly damages or destroys the tangible property of the owner; or
>
> (2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person.

Penal Code §28.03(a).

The statute also contains the following provision, which creates a "presumption" regarding identity and mental state:

> For the purposes of this section, it shall be presumed that a person in whose name public communications, public water, gas, or power supply is or was last billed and who is receiving the economic benefit of said communication or supply, has knowingly tampered with the tangible property of the owner if the communication or supply has been:

(1) diverted from passing through a metering device; or

(2) prevented from being correctly registered by a metering device; or

(3) activated by any device installed to obtain public communications, public water, gas, or power supply without a metering device.

Penal Code §28.03(c). You ask about the constitutionality of the "presumption" set out in that provision.

The Penal Code sets out the consequences of a presumption established by a penal law:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

Penal Code §2.05.

A true presumption arises when a court directs the factfinder that it must find the presumed fact or that it must do so if the defendant does not come forward with rebuttal evidence. County Court of Ulster County v. Allen, 442 U.S. 140 (1979). A permissive inference, in contrast, is a deduction that the factfinder may draw from the circumstances of the case but one that he is not required to draw. Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). Section 2.05 of the Penal Code requires that when the evidence in a case gives rise to a "presumption" created by a penal statute, the court must instruct the jury that it may find the presumed fact but that it is not bound to do so. The combined effect of section 2.05 and section 28.03(c) is to establish a permissible inference rather than a true presumption. Moses v. State, 633 S.W.2d 585, 587 (Tex. App. - Houston [14th Dist.] 1982), overruled on other grounds in Davis v. State, 658 S.W.2d 572 (Tex. Crim. App. 1983); see also Hardesty v. State, 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983) (en banc) (explaining proper use of terms "presumption" and "permissive inference"); Roberts v. State, 672 S.W.2d 570, 579-80 (Tex. App. - Fort Worth 1984, no writ) (holding that courts must use the term "circumstance of guilt" rather than "presumption" or "inference" when charging jury). Because different constitutional standards apply to true presumptions and permissive inferences, we will use the term "permissive inference" in analyzing section 28.03(c).

In essence, then, section 28.03(c) would permit the following: if the prosecution shows that a particular utility meter has been tampered with in one of the three ways described in section 28.03(c), the court may, but need not, instruct the jury that it may find that the person in whose name the utility is billed and who is receiving the economic benefit of the utility supply is the person who tampered with the meter and that he did so knowingly. In other words, the jury may infer identity and mental state from the fact of tampering. You ask whether this is constitutional.

We have received several briefs regarding your opinion request. All were submitted on behalf of utility companies. All conclude that the permissive inference created by section 28.03(c) is constitutional because, in the opinion of the briefwriters, the facts presumed are more likely than not to follow from the facts that give rise to the permissive inference. These briefs do not sufficiently analyze the relevant authority. Although a more-likely-than-not standard would be the appropriate standard for testing this permissive inference in some

circumstances, it would not be the appropriate standard if the fact of tampering was the only evidence presented on the issues of identity and mental state.

In order to explain the constitutional standards for testing permissive inferences, it is first necessary to explain certain aspects of the constitutional requirement that a criminal conviction be based on proof beyond a reasonable doubt. Although the requirement that guilt be proved beyond a reasonable doubt has always been part of American criminal law, it was not until 1970 that the United States Supreme Court held that the due process clause of the fourteenth amendment protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 361-64 (1970). The reasonable doubt standard involves not only a fact question for the factfinder, but also a legal question: whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, insufficiency of the evidence to prove guilt beyond a reasonable doubt can be the basis for any entry of acquittal by the trial judge or for reversal of a conviction by an appellate court.

The Supreme Court's decisions regarding the reasonable doubt standard gave rise to questions about the constitutionality of presumptions and permissive inferences. In County Court of Ulster County v. Allen, the Supreme Court set out standards for testing the constitutionality of presumptions and permissive inferences in light of the reasonable doubt standard. The court pointed out that the rule governing the constitutional validity of any presumption or inference was that the presumption or inference "must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." Allen, 442 U.S. at 156. The court made clear, however, that the question of sufficiency of the evidence to support a conviction is, in most cases, a separate question from the propriety of instructing the jury that it may make a certain inference.

When a permissive inference is not the only evidence on an element of an offense, the validity of the permissive inference is to be judged under a more-likely-than-not standard. Allen, 442 U.S. at 164-67. In other words, in such circumstances there must be a rational connection between the fact proved and the fact inferred, and the latter must be more likely than not to flow from the former. Allen, 442 U.S. at 165. The fact proved need not establish beyond a reasonable doubt the fact inferred because the prosecution can rely on all of the evidence presented to meet its burden of proving the issue beyond a reasonable doubt. Hammontree v. Phelps, 605 F.2d 1371, 1374 n.2 (5th Cir. 1979).

The Supreme Court also stated in _Allen_ that the validity of a permissive inference can only be judged on the record of a particular case. _Allen_, 442 U.S. at 162-63; _Moses v. State_, 633 S.W.2d 585, 587 (Tex. App. - Houston [14th Dist.] 1982), overruled on other grounds in _Davis v. State_, 658 S.W.2d 572 (Tex. Crim. App. 1983). We cannot say whether the permissive inference established by section 28.03(c) would meet the more-likely-than-not standard in every case in which that standard applied. Courts in several other jurisdictions, however, have tested permissible inferences similar to the one established by section 28.03(c) under the more-likely-than-not standard and have found them to be valid in the circumstances in which they were applied. _See, e.g._, _State v. Kriss_, 654 P.2d 942 (Kan. 1982); _State v. Curtis_, 372 A.2d 612 (N.J. Super. Ct. App. Div. 1977).

The briefs submitted to us fail to point out that the more-likely-than-not standard is appropriate only when the permissive inference "is not the sole and sufficient basis for a finding of guilt." _Allen_, 442 U.S. at 167. As we said before, in such a case the fact proved need not establish beyond a reasonable doubt the fact inferred because the prosecution can rely on all of the evidence presented to meet its burden of proving the issue beyond a reasonable doubt. _Hammontree v. Phelps_, 605 F.2d 1371, 1374 n.2 (5th Cir. 1979). If the facts giving rise to a permissive inference are the only evidence introduced on an element of an offense, however, the facts proved must be sufficient to establish the element of the offense inferred beyond a reasonable doubt. _Id._ Otherwise, there would be a violation of the constitutional requirement that the evidence be sufficient to prove guilt beyond a reasonable doubt.

The legal standard for determining whether evidence is sufficient to support a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. _McGoldrick v. State_, 682 S.W.2d 573 (Tex. Crim. App. 1985); _United States v. Jackson_, 700 F.2d 181, 185 (5th Cir.), cert. denied, 464 U.S. 842 (1983). If it appears, as a matter of law, that a reasonable-minded jury must necessarily have had a reasonable doubt as to any essential element of a crime, a conviction cannot stand. _United States v. Bland_, 653 F.2d 989, 995 (5th Cir.), cert. denied 454 U.S. 1055 (1981).

The Fifth Circuit has held that a conspiracy conviction cannot stand on evidence that only places the defendant in "a climate of activity that reeks of something foul." _United States v. Jackson_, 700 F.2d 181, 185 (5th Cir.), cert. denied 464 U.S. 842 (1983). We think that description is applicable to a situation in which the state attempts to convict someone of criminal mischief on evidence of tampering alone. Although the person responsible for paying for utility service obviously has a motive for tampering with a utility meter, in many cases he is not the only person with a motive. Often

other people receive the benefit of utility service and share the cost even if they are not being billed, and they also have a motive for tampering with a meter. Vandalism could also account for some meter tampering. We think that evidence of tampering only would be legally insufficient to support a conviction of someone simply because he received benefit from the utility service and was responsible for the bill.

Your second question is:

> To be a felony offense under section 28.03 of the Penal Code, must the interruption or impairment of service be substantial?

The degree of an offense under the criminal mischief statute depends on the amount of pecuniary loss involved. Penal Code §28.03(b). Regardless of the amount of pecuniary loss, however, the offense of criminal mischief is a third degree felony if

> the actor causes in whole or in part impairment or interruption of public communications, public transportation, public water, gas, or power supply, or other public service, or diverts, or causes to be diverted in whole, in part, or in any manner, including installation or removal of any device for such purpose, any public communications, public water, gas, or power supply;

Penal Code §28.03(b)(4)(B).

In your letter you state, "[T]here is apparently some dictum on the part of the courts for the proposition that such impairment or interruption, to qualify for a felony offense, must be 'substantial.'" Apparently you are referring to Williams v. State, 596 S.W.2d 862 (Tex. Crim. App. 1980). That case contains dictum regarding the relationship between section 28.03(b)(4)(B) and section 28.03(a)(2), which provides that a person commits an offense if he "intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person." The Williams court wrote:

> Since impairment or interruption of public communications is a felony of the third degree even if no pecuniary loss results, it is apparent that Subsection (b)(4)(B) was intended to be a type of 'substantial inconvenience,' which warranted greater penalty.

Id. at 865. Otherwise, we find no case that contains a statement similar to the one you ask about. .

## S U M M A R Y

The combined effect of section 2.05 and section 28.03(c) of the Texas Penal Code is to establish a permissible inference rather than a true presumption. When a permissive inference is not the only evidence of an element of an offense, the fact inferred must be more-likely-than-not to follow from the facts proved. Where the more-likely-than-not standard applies, the constitutional validity of a permissive inference must be tested on a case-by-case basis. If the permissive inference is the only evidence on an element of an offense, however, the facts proved must establish the fact inferred beyond a reasonable doubt. The permissive inference established by section 28.03(c) does not meet that standard.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General