**Affirmed and Memorandum Opinion filed July 9, 2015**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00498-CR

---

## MARK SOLIZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1392000**

---

## M E M O R A N D U M    O P I N I O N

Appellant Mark Soliz appeals his conviction for aggravated robbery. Following a jury trial, appellant pleaded "true" to an enhancement allegation and the trial court assessed punishment at thirty years in prison. In a single issue, appellant contends that the trial court erred by denying his motion for new trial on the basis of newly discovered alibi evidence.

BACKGROUND

On June 4, 2013, the complainant Esperanza Tabares was working the front entrance at a game room when a male wearing a hat and sunglasses and an unknown female approached her under the pretense of picking up a game room member's card. Once the complainant let them inside the building, appellant hit the complainant in the head with a gun, causing her to fall to the ground. While the complainant was lying on the ground, appellant stole her purse and a pouch full of money that she was carrying to provide money to game room patrons. Appellant then broke the office window with a hammer and the female suspect unlocked the office door from the outside. Appellant stole more money from the office and also removed security equipment. The complainant saw the man who robbed her and described him to the police. A few hours after the robbery, the complainant realized that she recognized the man as the game room security guard whom she had previously met. The complainant identified appellant from a photo array and in court as the man who robbed her.

Appellant was indicted for the felony offense of aggravated robbery with a deadly weapon. *See* Tex. Penal Code § 29.03(a)(2). Appellant pleaded not guilty to the indictment. On June 4, 2014, a jury found appellant guilty as charged in the indictment. Appellant pleaded "true" to the State's enhancement allegation and the trial court sentenced appellant to thirty years in prison. Appellant timely filed a motion for new trial with supporting affidavits from two alibi witnesses. The trial court held a hearing on appellant's motion for new trial on August 7, 2014.

At the hearing on the motion for new trial, appellant testified first. Appellant stated that during the time of the offense, he was attending a picnic with his family at Texas Battleship Park from approximately 12:00 p.m. to 5:00 p.m. Appellant claimed that he provided his trial counsel with multiple alibi witnesses, including

his brother, brother's girlfriend, and two sisters, who were with him at the park that day. He stated that his trial counsel informed him that his brother Ruben could not testify because he was not a citizen and that his younger sister, Julie, could not testify because she had a criminal record. Appellant stated that trial counsel refused to allow his older sister Dolores to testify because she had not been subpoenaed.

Appellant stated that he wanted to testify during the guilt-innocence phase of trial but he was unaware that he had the right to testify and was scared to inform the trial judge that he wanted to testify. Appellant stated that his trial counsel did not explain to him that he had the right to testify and did not explain how trial worked. He stated that he told his trial counsel that he wanted to testify but his counsel said he refused. Appellant did, however, testify during the punishment phase of trial. Appellant claimed that he did not recall the moment in which his trial counsel turned to him at trial and appellant shook his head, indicating that he did not want to testify.

Dolores also testified at the hearing and provided an affidavit. In her affidavit, Dolores stated that appellant's trial counsel asked her to assist with appellant's case, but she did not expect appellant to lose and "did not take [her] alibi testimony as seriously as [she] should have." At the hearing, she explained that she was present at the trial, but appellant's counsel refused to let her testify. She also stated that appellant's trial counsel asked her about alibi witnesses and she provided herself and her brother and sister. Dolores corroborated appellant's testimony and stated that on the date of the offense, they had a picnic at Texas Battleship Park along with other family members.

Julie testified at the hearing and also explained that she, appellant, and their family were at a picnic at Texas Battleship Park during the time of the offense. Julie similarly stated in her affidavit that appellant's trial lawyer asked her to assist

3

but she did not expect appellant to lose and did not take her alibi testimony seriously. She further stated that she was not present at trial, but if appellant's trial counsel had asked her to testify, she would have testified. At the hearing, she stated that she never had a conversation with appellant's trial counsel.

Appellant's trial counsel testified that he spoke to appellant at every court appearance, visited him in jail, and spoke to Dolores on at least eight different occasions. He also spoke with appellant's mother several times. Trial counsel explained that he discussed appellant's defense with appellant and his family and informed them that alibi evidence was needed to "strengthen the case." He stated that when he started the case, appellant and Dolores informed him that they were at a picnic near the San Jacinto Monument on the date of the offense. He asked them for the names, telephone numbers, and addresses of people at the picnic so he could develop them as alibi witnesses. He stated that every time he spoke with Dolores, he asked for this information but she never provided it. Trial counsel further admitted that even if Dolores volunteered to testify, he was leery of putting her on the stand due to her continued failure to provide the alibi witness information. Trial counsel testified that he advised appellant against testifying because of his criminal history and that appellant chose not to testify after he explained all of the options to him. He explained that if he had alibi witnesses that he was confident in, he would have tried to get them to testify.

The trial judge described his own recollections of the trial. He recalled extensively explaining appellant's right to testify during voir dire, in which he noted that "if the defendant was paying attention at all during that, then he would know that he has the right to testify." The trial judge remembered stating that if any witnesses in the courtroom would be testifying, they needed to wait outside the courtroom. The trial judge recalled that Dolores remained in the courtroom after he

made this statement. He remembered discussing appellant's prior convictions and appellant's trial counsel looking at appellant asking him if he was going to testify and appellant shaking his head, indicating "no." The trial judge stated that he did not believe that trial counsel went through the expense to provide expert testimony, yet denied the alibi witnesses the ability to testify. Lastly, the trial judge found appellant's trial counsel credible in seeking the alibi witness information from appellant and appellant's family and that it was never given to him. At the conclusion of the hearing, the trial court denied appellant's motion for new trial.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial for an abuse of discretion. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Id*. An appellate court views the evidence in the light most favorable to the trial court's ruling, defers to the trial court regarding credibility determinations, and presumes that all reasonable fact findings in support of the ruling have been made. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). A trial court abuses its discretion in denying a motion for a new trial when no reasonable view of the record could support the trial court's ruling. *McQuarrie*, 380 S.W.3d at 150.

## ANALYSIS OF APPELLANT'S ISSUE

In a single issue, appellant contends that the trial court abused its discretion by denying his motion for new trial. Appellant contends that his two alibi witnesses constitute "newly discovered evidence." Appellant asserts that the witnesses did not understand the importance of asserting his alibi at trial and that appellant's trial counsel denied the witnesses the ability to testify.

5

Motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987). Article 40.001 of the Texas Code of Criminal Procedure provides that "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. art. 40.001. A defendant is entitled to have his motion for new trial granted if (1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *See Carsner v. State*, 444 S.W.3d 1, 2−3 (Tex. Crim. App. 2014); *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). If appellant fails to establish any one of the four required elements, a trial court is justified in denying a motion for new trial. *See Jones v. State*, 234 S.W.3d 151, 157 (Tex. App.—San Antonio 2007, no pet.).

The requirement that appellant show the newly discovered evidence was unknown to him at the time of trial is fundamental. *Tate v. State*, 834 S.W.2d 566, 571 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). A new trial is never allowed for the purpose of obtaining evidence that was known and accessible to the defendant at the time the cause was tried, even if the defendant had knowledge of the evidence but failed to communicate it to his attorney. *Drew,* 743 S.W.2d at 227 n.14; *Marines v. State*, 292 S.W.3d 103, 110 (Tex. App.—Houston [14th Dist.] 2008, pet ref'd).

It is evident from the record that appellant was aware of his alibi and the potential alibi witnesses before trial. Appellant claimed that he informed his counsel before trial that he did not commit the offense because he was at a park

6

with his family during the robbery. Appellant and Dolores both testified that they provided this alibi information to counsel before trial. Therefore, appellant was aware of where he was on the offense date and this information was known and available to him at the time of trial. The existence of Dolores and Julie as potential witnesses cannot be considered newly discovered evidence. Dolores and Julie both stated in their affidavits that although counsel asked them to assist in appellant's case, they did not expect appellant to lose and did not take their alibi testimony seriously.

"Since appellant must have known prior to the trial where he was and what he was doing, and who he was with, the evidence of alibi presented by [the witness] could not have been considered as 'newly discovered.'" *Baker v. State*, 504 S.W.2d 872, 875 (Tex. Crim. App. 1974) (concluding potential alibi witness who was with appellant during the offense cannot be considered newly discovered); *see also Drew*, 743 S.W.2d at 227 (holding that appellant's nonparticipation in the offense was known to him before trial); *Yarbrough v. State*, 57 S.W.3d 611, 618 (Tex. App.—Texarkana 2001, pet. ref'd) (holding that appellant's co-defendant's testimony that appellant did not commit the offense could not be considered newly discovered evidence). Appellant fails the first prong because his alibi and alibi witnesses were known to him at the time of trial.

Further, appellant's failure to provide alibi witness testimony to his trial counsel was due to a lack of diligence. When appellant's trial counsel repeatedly requested information regarding the alibi evidence, appellant failed to provide his trial counsel with that information. *See Marines*, 292 S.W.3d at 111−12 (finding that appellant's failure to inform trial counsel of newly discovered evidence was due to appellant's lack of diligence); *Zamora v. State*, 647 S.W.2d 90, 95 (Tex. App.—San Antonio 1983, no pet.) (holding that appellant's failure to inform his

7

attorney about known witness showed lack of due diligence).

We conclude that the trial court did not abuse its discretion by denying appellant's motion for new trial. Appellant has failed to show that this "newly discovered evidence" was either unknown or unavailable to him at the time of trial and that the failure to obtain this evidence was not due to a lack of diligence. We overrule appellant's single issue.

## CONCLUSION

We overrule appellant's issue and affirm the trial court's denial of the motion for new trial.

/s/      Ken Wise
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).