**Johnny JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40613.**

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Paul W. Anderson, Marshall, for appellant.

Charles A. Allen, Dist. Atty., Marshall, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, life.

Appellant's brief sets forth the point of error preserved by his Formal Bill of Exception No. 2.

The evidence adduced at the trial is not brought forward in the record on appeal.

There are two formal bills of exception. The first reflects that the indictment under which appellant was arraigned and which was read to the jury, and to which appellant entered his plea of not guilty on August 31, 1966, alleged ·that appellant voluntarily killed Orethia *Still*man and ·that on the following day the court granted the state's

motion and the district attorney, over objection, was permitted to amend the indictment so as to show the name of the person alleged to have been killed as Orethia *Spill*man (by changing the letter "*t*" to "p") and appellant was required to plead to the indictment as amended.

Bill of Exception No. 2 reflects that after the state had rested, the defendant moved for instructed verdict and in support thereof introduced evidence, including the death certificate, showing that the name of the person killed was Oretha *Spear*man, and testimony of members of her family that neither the deceased nor any member of the Spearman family had ever spelled their name or gone under the name of *Spill*man or *Still*man.

The state's reply brief takes the position that the trial judge did not commit error by allowing the amendment of the indictment for the reason that the names *Still*man and *Spill*man are idem sonans, and that the evidence clearly shows that the decedent went by the name Spillman in the City of Waskom, Texas.

We find nothing in the record to support the state's contention and again point out that the record contains no statement of facts or transcript of the evidence.

■ We do not understand that the rule of idem sonans permits the amendment of an indictment as to the name of the decedent or injured party. Sound, not spelling of a name, controls in determining similarity of names. Fowler v. State, Tex.Cr. App., 379 S.W.2d 345.

■ It has been held that when the question of idem sonans arises at the trial it is a fact for the jury to decide under proper instructions of the court. Rodriguez v. State, Tex.Cr.App., 363 S.W.2d 472; Fowler v. State, supra.

■ Art. 28.10 Vernon's Ann.C.C.P. provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

The trial court erred in permitting the amendment of the indictment after it had been read to the jury selected to try the case.

■ The question of whether the names "Stillman" and "Spillman" are idem sonans is not before us. There is no contention that "Stillman," the name appearing in the indictment prior to its amendment, and "Spearman" are idem sonans. Appellant's claim of fatal variance is sustained. Marshall v. State, 157 Tex.Cr.R. 340, 248 S.W. 2d 931; Garlington v. State 141 Tex.Cr.R. 595, 150 S.W.2d 253; Newsom v. State, 142 Tex.Cr.R. 47, 151 S.W.2d 225.

The judgment is reversed and the cause remanded.