**Brenda Gail MOSES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–440–CR.**

Court of Appeals of Texas, Houston, (14th Dist.).

Jan. 28, 1982.

Rehearing Denied March 25, 1982. See 633 S.W.2d 585.

**338**

Mickey R. Palmer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLAR, SAM ROBERTSON and MURPHY, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for promotion of an obscene device, a dildo. The jury found appellant guilty as charged and assessed punishment at a fine of $400 and 20 days confinement.

As its first ground of error, appellant alleges that the trial court improperly overruled the motion to quash the information. The information read as follows:

> ... Brenda Gail Moses, hereafter styled the Defendant heretofore on or about February 6, 1980, did then and there unlawfully and intentionally promote an obscene device, namely, one dildo, by selling said dildo to G. P. Hugo, knowing the content and character of the device ...

The information parallels sections 43.23 and 43.21. Tex.Penal Code Ann. (Vernon Supp. 1980–81).

Although alleging multifarious grounds, the underlying thrust of appellant's argument is that the information did not sufficiently apprise the appellant of the nature and substance of the charges against her with sufficient clarity and particularity. Although it is not always sufficient to follow the language of the statute, the general rule is that the indictment will be sufficient if it follows the language of the statute and expressly charges the described offense of the accused. *Ames v. State*, 499 S.W.2d 110 (Tex.Cr.App.1973); *Lopez v. State*, 494 S.W.2d 560 (Tex.Cr.App.1973). The Court of Criminal Appeals has long held that in order

to be sufficient an indictment

> ... should set out the particular offense charged with such certainty as that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him ...

*Hardin v. State*, 85 Tex.Cr.R. 220, 211 S.W. 233 (1919). See also *Earl v. State*, 33 Tex.Cr.R. 570, 28 S.W. 469 (1894); *Brown v. State*, 26 Tex.App. 540, 10 S.W. 112 (1888).

Drawing on several provisions of Chapter 21 of the Code of Criminal Procedure, this Court has more recently set forth the following basic requirements for a 'plain and intelligible' indictment:

> ... The indictment must allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with ...

*Terry v. State*, 471 S.W.2d 848, 852 (Tex. Cr.App.1971). See Articles 21.02(7), 21.-03, 21.04, and 21.11 of the Code of Criminal Procedure; *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr. App.1974).

In *Moore v. State*, 532 S.W.2d 333 (Tex. Cr.App.1976), we stated:

> It must be remembered that it is the intent of Article I, Sec. 10 of the Texas Constitution that an accused in a particular case must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment. *Voelkel v. State*, 501 S.W.2d 313 (Tex. Cr.App.1973) ...

> Further, the rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of

any further prosecution for the same offense.

*Swabado v. State*, 597 S.W.2d 361, 363 (Tex. Cr.App.1980).

■ Appellant objects to the use of the word "dildo" in the information calling it "presumptuous, inflammatory, prejudicial and arbitrary." Appellant also contends that the term is "vague, general, indefinite and did not apprise the appellant of what the State expected to prove."

Although the term "dildo" is not a statutorily defined term, it is a term which has a clear and definite meaning and provides sufficient notice. The word is not used in an inflammatory manner but simply to accurately describe the object. Webster's New Collegiate Dictionary (1977) defines a dildo as "an object serving as a penis substitute for vaginal insertion." We note also that in none of the dictionaries consulted do the usage notes indicate that the term is "usually considered vulgar" while many other "common" terms relating to sexual acts do have that denotation. An examination of several dictionaries shows the definition to be consistent.[1]

Appellant also contends that use of the terms "to promote" and "sell" did not provide her with sufficient notice of the charges against her. "Promote" is defined in nineteen ways by Section 43.21(a)(5) Tex. Penal Code Ann. (Vernon Supp.1980–81). It is defined as meaning "to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same." The State, by alleging that the promotion of the device was by "selling" limited the possible meaning of "promote" so that as it is defined in the statute the appellant would be clearly advised of the offense. "Sell" is not a statutorily defined term, but it is a term of such common usage as to require no further definition.

1. *See also*, The Concise Oxford Dictionary of Current English, Sixth Edition (1976); The Doubleday Dictionary, First Edition (1975). We note also that the the 1961 edition of the Oxford English Dictionary indicates the term is

Appellant further alleges that the information fails to describe or identify the device with the specificity required by Article 21.09 Tex.Code Crim.Pro.Ann. (Vernon Supp.1980–81). In *Mays v. State*, 428 S.W.2d 325 (Tex.Cr.App.1968) and *Kirkland v. State*, 489 S.W.2d 298 (Tex.Cr.App.1972) it was held that descriptions such as "one television set" and "one oxygen container and the contents thereof, to wit: oxygen," were sufficient. We find that the information alleging "an obscene device, namely, one dildo" sufficiently identified the property. *Welch v. State*, 543 S.W.2d 378 (Tex.Cr. App.1976).

We hold that the information alleged the offense sufficiently to show that an offense was committed and to apprise the appellant of the charge against her. She was sufficiently informed as to be able to prepare her defense, and this judgment would bar subsequent prosecution for the same offense. Appellant's first ground of error is overruled.

■ By her second ground of error appellant argues that the trial court erroneously allowed the introduction of copies of two photographs from an unknown magazine. Officer G. P. Hugo testified that the photographs depicted masturbation by insertion of a dildo into a female vagina. The appellant alleges that the proper predicate for the introduction of a photograph is (1) its accuracy as a correct representation of the subject at a given time, and (2) its material relevance to a disputed issue. Appellant further contends that the witness must have observed the object or scene depicted with his naked eye. Appellant is partially correct.

[T]he prime condition on admissibility of a photograph is that it be identified by a witness as an accurate portrayal of certain facts relevant to the issue, and verified by such witness on *personal knowledge* as a correct representation of those facts. (emphasis added).

"obsolete" while the 1972 supplement deletes the "obsolete" notation and specifically introduces a definition similar to that indicated above.

*Haas v. State*, 498 S.W.2d 206, 211 (Tex.Cr. App.1973).

■ The definition of "obscene device" requires proof that the device be "designed or marketed as useful primarily for the stimulation of human genital organs." Tex.Penal Code Ann. § 43.21(a)(7) (Vernon Supp.1980–81). The design and use of a dildo is an element of the State's case. The two photographs which were introduced go to the proof of that issue. Officer Hugo testified that he has been on the vice squad for over two years, has made several investigations concerning these types of devices and has seen the depiction of such devices. We think the officer has the requisite "personal knowledge." Officer Hugo further testified that the photographs correctly represented a dildo being used for the stimulation of human genital organs. The appellant further alleges that the photographs were prejudicial and inflammatory. As long as the photographs accurately represent what they purport to depict and are logically relevant, the fact that some prejudice might be caused by their introduction is not a denial of due process. *Pait v. State*, 433 S.W.2d 702 (Tex.Cr.App.1968). All irrelevant portions of the photographs were cropped out in such a way that any potential prejudicial matter outside of the relevant issue was not brought before the jury. The photographs were properly admitted. Appellant's second ground of error is overruled.

■ By her third ground of error appellant alleges that the trial court erred in failing to properly instruct the jury with a definition of "obscene." Under the statutory definition of "obscene device" a dildo is *obscene per se* if it is designed or marketed as useful primarily for the stimulation of human genital organs. The Fifth Circuit has addressed this issue and held as follows:

> This subsection defines devices—including dildos and artificial vaginas 'designed or marketed as useful primarily for the stimulation of human genital organs' as *obscene per se.* The language is patterned on the Georgia obscenity statute. Ga.Code § 26–2101(c). In *Sewell v.*
> *State*, [238 Ga. 495], 233 S.E.2d 187 (Ga. 1977), the appellant challenged his conviction under the Georgia statute for selling an artificial vagina to an undercover police officer. The Georgia Supreme Court rejected his vagueness and overbreath arguments and found no constitutional problem with the Georgia Legislature's prohibition on the sale of such devices. The United States Supreme Court dismissed Sewell's appeal for want of a substantial federal question. *Sewell v. Georgia*, 435 U.S. 982, [98 S.Ct. 1635, 56 L.Ed.2d 76]. Thus, the constitutional propriety of the Texas counterpart to this Georgia obscenity provision is clear. (emphasis added).

*Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020, 1027–1028 (5th Cir. 1981).

Appellant's third ground of error is overruled.

■ By her fourth ground of error appellant alleges that Sections 43.21 and 43.23 of the Texas Penal Code are unconstitutional. Appellant makes a general multifarious attack on sections of the Code not relevant to her conviction. We simply note the *Red Bluff* case and overrule this point of error.

The proceedings appearing regular, the conviction is affirmed.