Fred Douglas MILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-87-00126-CR.

Court of Appeals of Texas,
Dallas.

Nov. 13, 1987.

Lawrence G. Boyd, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

DEVANY, Justice.

Appellant, Fred Douglas Mills, appeals a jury conviction of aggravated robbery. The court assessed punishment at 50 years' confinement. In four points of error, appellant asserts that the trial court erred in: (1) finding one of the jurors disqualified and proceeding to trial with eleven jurors; (2) failing to sustain appellant's motion to quash the indictment; (3) failing to grant appellant's motion for mistrial; and (4) admitting into evidence an extrajudicial statement made by the appellant. We hold appellant's points to be without merit and, accordingly, affirm the judgment of the trial court.

In his first point of error, appellant asserts that the trial court abused its discretion by finding one of the jurors disabled and proceeding to trial with eleven jurors. In order to understand appellant's point, a recitation of the events surrounding the dismissal of the juror is necessary. On Monday morning, November 10, 1986, the day that the jury was to begin hearing testimony, juror Stephens informed the court that his grandfather had died and that a memorial service was being held out of town the following day. The judge then asked juror Stephens when he would return to Dallas. The juror replied that he would be returning the following Wednesday, November 12, 1986. To this the court replied:

> Be here at 10:00 o'clock Thursday morning. Before you are excused, I need to talk to the rest of the panel, though. You may go join the rest of the jury in the jury room. We have several things that we're going to look at as alternatives. If we can't come up with another alternative, I'll talk to the jurors again about postponing until Thursday, I'll release all of you until Thursday morning, and we'll work something out for you.

It is apparent from the record that the judge then inquired of the panel whether there would be any conflicts in continuing the case on Thursday even though the trial had already been postponed for three weeks. One juror stated that he was scheduled to attend a once-a-year tax seminar that day and that, by not attending, he would not only lose part of the payment he had made to the seminar but his clients would also suffer. The judge also talked to the court coordinator concerning the court's docket for the following Thursday and Friday. The coordinator informed the judge that two motions to suppress were scheduled for Thursday (one of which was the third setting) and an open plea that required testimony was set for Friday. Furthermore, the judge ascertained that the appellant's case was one of the older jail cases since appellant had been in jail for approximately one hundred days. Thus, the court decided that it would not be appropriate to continue this case any longer.

Once deciding to proceed to trial as scheduled, the judge recalled juror Stephens. The court then asked him questions concerning his emotional state and whether he could continue in his duties as a juror if he were not allowed to go to the memorial services. Juror Stephens stated that he could not keep his mind on the case if he were not allowed to attend the service and he was unsure as to whether he would be able to concentrate on the case on Thursday when he returned to Dallas. Based on this testimony, the court held that the juror was emotionally disabled under TEX.CODE CRIM.PROC. art. 36.29(a) (Vernon Supp. 1987), and that the appropriate action at this point was to begin trial with eleven jurors. Appellant's objection to proceeding with eleven jurors was overruled.

■ TEX.CODE CRIM.PROC.ANN. art. 36.29(a) (Vernon Supp.1987) provides that when a juror dies or is disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. The determination as to whether a juror is disabled is within the discretion of the trial court. Absent an abuse of that discretion, no reversible error will be found. *Bass v. State*, 622 S.W.2d 101, 106–07 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982).

In this case, the court considered continuing the trial until Thursday in order that the defendant would have the benefit of all twelve jurors. At that point in time, the court did not consider whether the juror would be emotionally ready to start trial on Thursday. Upon considering continuance, the court found that under the circumstances it would be best to proceed with the trial as scheduled. *See Southern Pacific Transp. Co. v. Peralez*, 546 S.W.2d 88, 97 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). It was only then that the trial court began asking juror Stephens whether he could carry out his duty as a juror. Upon finding that the juror could not do so, the court found him to be emotionally disabled and proceeded to trial with eleven jurors.

■ The term "disabled" means any condition that inhibits the juror from fully and fairly performing the functions of a juror. *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim.App.1972). The condition referred to is physical, mental or *emotional. Carillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim. App.1980) (emphasis added). In *Clark v. State*, 500 S.W.2d 107 (Tex.Crim.App.1973), the Texas Court of Criminal Appeals upheld a judge's decision to excuse a juror for disability who was emotionally upset over the death of his father-in-law and needed to go out of the state to be with his wife. The juror in the instant case was clearly upset and unable to continue his role in the trial that day. The trial judge could not determine whether the juror would be able to sit the following Thursday. The juror himself did not know when he would be able to concentrate on the case. Thus, we hold that, under the circumstances, the trial court did not abuse its discretion by declaring this juror disabled and continuing the trial with eleven jurors.

■ In his second point of error, appellant contends that the trial court erred in failing to sustain his motion to quash the indictment. On October 16, 1986, the State filed a trial amendment to change the name of the complainant in the indictment from MANUEL IGWE to EMMANUEL IGWE. At a pretrial hearing on October 20th, 1986, the court inquired as to whether the defense had any objection to the trial amendment. After hearing that there was no objection, the court "accepted" the amendment to the indictment and apparently signed the amendment. However, the next day appellant handed the judge a pro se motion to quash the indictment claiming he did not knowingly waive his right to ten days in which to respond to the amendment. The court erased its signature from the amendment and granted the ten-day continuance to run from October 16th, the date the trial amendment was filed, since this was the first time the defendant had notice of the name difference. The court told the defendant at that time that he would grant the trial amendment on October 27th in any event and would serve the

amendment on the defendant that day. After service of the amendment, the judge gave the defendant an additional ten days in which to respond. Thus, the trial was rescheduled for November 10, 1986. The court then inquired of the attorneys as to whether there were any objections to proceeding to trial with the same jurors who had already been chosen but not yet sworn. The defense counsel stated that he had talked with his client and that there were no objections to proceeding to trial with these jurors provided appellant be given his ten days in which to respond to the amendment. The court then swore in the jury and released them until November 10th. On October 27th the amendment was signed by the judge and the appellant urged his prior objection to the amendment which again the judge overruled. Trial proceeded on November 10th with the amended indictment.

Appellant argues that the trial court erred in amending the indictment after the jury had been sworn. TEX.CODE CRIM. PROC. art. 28.10 (Vernon Supp.1986) states:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Although the State attempted to amend the indictment before the jury was sworn, the amendment did not actually become effective until signed by the judge after the jury had been sworn. We hold that the trial court erred in amending the indictment over appellant's objection after the jury had been sworn; however, in view of the surrounding circumstances, we hold this to be harmless error since the appellant has failed to show how he has been harmed. *Cf. Adams v. State,* 642 S.W.2d 211, 213 (Tex.App.—Houston [14th Dist.] 1982, no pet.). The appellant had sufficient notice by the trial court which gave him ten days to respond to the amendment. Furthermore, the amended indictment did not charge the appellant with an additional or different offense or prejudice his substantial rights. The defense attorney himself recognized that this was a simple change when he stated:

Your Honor, I had an opportunity to observe the trial amendment, and based on the doctrine of idem sonans, I felt like the trial amendment was probably not necessary, but I certainly had no objections to the State offering it rather than having the grand jury hear the case again.

Thus, we overrule appellant's second point of error.

██ In his third point of error, appellant contends that the trial court erred in denying appellant's motion for mistrial because of an argument made by the State. The State made the following statement during final argument:

Well, let me ask you something. If this man had been the wrong man, don't you think he would have said something to the police about it out there on that night? "Hey, wait a minute, folks, it's not me."

Appellant entered an objection to this statement on the basis that this was an impermissible comment on defendant's silence and thus a violation of the defendant's privilege against self-incrimination contained in TEX. CONST. art. I, § 10. The trial court sustained appellant's objection. Appellant then requested a mistrial, which the trial court denied.

██ The proper method of pursuing an objection until an adverse ruling is to (1)

object, (2) request an instruction to disregard, and (3) move for a mistrial. *Sawyers v. State*, 724 S.W.2d 24, 38 (Tex.Crim. App.1986). Appellant did not request an instruction to disregard. Unless an argument is so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard, the failure to request such an instruction waives the error. *Sawyers v. State*, 724 S.W.2d at 38. The statement by the prosecutor was objectionable but could have been cured by an instruction to the jury to disregard. Thus, we overrule appellant's third point of error.

■ In his fourth point of error, appellant contends that the trial court erred in admitting into evidence a statement made by the appellant at the time of his arrest when such statement was made without proper warnings and, when the statement was admitted, without deletion of immaterial, prejudicial, and unrelated material. Officer Hays, the police officer who arrested the appellant, testified at trial of the events surrounding appellant's arrest. He had received a radio call that a taxi cab had been stolen in a robbery. After stopping the taxi cab being driven by the appellant at the time of the arrest, Officer Hays asked the appellant to get out of the cab. While the appellant was spread-eagled on top of the cab and handcuffed, Officer Hays asked appellant to identify himself. Appellant responded, "F ... you, you find out." The court overruled appellant's objection to this testimony.

■ Under TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon 1965), statements that are res gestae of the arrest or of the offense are admissible. Res gestae statements are admissible at trial even if Miranda warnings were not given prior to the statement. *See e.g. Brown v. State*, 477 S.W.2d 617, 622 (Tex.Crim.App. 1972). The res gestae exception applies even if the individual who made the statement is under arrest, and the statement can be admissible even though made in response to an inquiry at the time of the arrest. *Miles v. State*, 488 S.W.2d 790, 791–92 (Tex.Crim.App.1972). In order for a statement to be admissible as res gestae

of the offense, there must be an absence of time to contrive or fabricate, the occurrence must be sufficiently startling to produce a statement that is not the product of reflection, and the statement must be related to the circumstances of the occurrence. *Martinez v. State*, 533 S.W.2d 20, 23 (Tex. Crim.App.1976). The shock of being stopped by the police and asked on the loud speakers to exit the taxi cab, which had been stolen only twenty minutes earlier, while the officers had their guns drawn, would not normally give an accused sufficient time in which to fabricate such a response. Furthermore, the statement relates to the appellant's desire not to be identified at the time of the arrest while he was driving a stolen taxi cab.

Appellant asserts that the statement's probative value is substantially outweighed by its prejudicial and inflammatory quality. However, appellant did not raise this basis for objection at trial, and, as a result, this argument has not been preserved. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim. App.1983). Accordingly, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.