**Violet YATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00019–CR.**

Court of Appeals of Texas, Dallas.

Jan. 16, 1989.

Rehearing Denied Feb. 14, 1989.

Malcolm Dade, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, HECHT[1] and LAGARDE, JJ.

LAGARDE, Justice.

Violet Yates appeals her conviction by a jury for promotion of obscenity. The jury assessed punishment at confinement in the Dallas County Jail for one year and a five hundred dollar fine with both probated for 365 days. In four points of error, Yates asserts that: (1) the evidence was insufficient to support the conviction; (2) her conviction violated due process because she had insufficient notice that the objects seized from her work place were obscene; (3) the trial court abused its discretion in permitting the State to make a substantive amendment to the information on the date of trial and over Yates' objection; and (4) the trial court abused its discretion by restricting cross-examination of a State's witness regarding the possible uses of devices offered into evidence by the State. We disagree with all four points of error; consequently, we affirm the trial court's judgment.

The facts in this case show that officers Cathy Calhoun, Julian Bernal, and Ronnie Bardin entered the Red Letter News bookstore in Dallas. After they entered, Officer Bernal walked behind the sales counter to speak with Yates and fill out some paperwork. Officers Bardin and Calhoun proceeded to confiscate, bag, and inventory one hundred and fourteen allegedly obscene devices that were prominently displayed on shelves throughout the store.

1. Although Justice Hecht was on the panel at the time of submission of this case, he left the Court between the time of submission and the time of the issuance of this opinion. Consequently, Justice Hecht did not participate in this opinion.

Of the devices confiscated by the officers, many were dildos that displayed red tags stating "for novelty use only." At trial, Officer Calhoun testified that Yates was the manager and sole employee in the store at the time the officers confiscated the devices. Officer Bernal testified that Yates could easily see the devices from the elevated check-out area where she was positioned and that Yates had control and custody of the store.

Officer Bernal further testified that, while the officers were seizing the devices, Yates stated that she used these devices on a regular basis since she had no husband or boyfriend. Officer Bernal understood Yates to mean that she used these items for sexual gratification. Although the officers did not arrest Yates at this time, they followed common procedures of the Dallas Police Department and later filed charges on Yates at large. Yates was originally charged with promoting obscene devices by manufacturing, exhibiting, and advertising the devices. However, on the day of trial, the court allowed the State to "amend" the charging instrument by eliminating the word "manufacturing." Ultimately, the court's charge to the jury included, in pertinent part, the language that Yates "... did unlawfully did (sic) then and there knowingly and intentionally promote six or more obscene devices, namely dildos, by exhibiting and advertising said devices...." With these facts in mind, we now consider Yates's first point of error.

## I. *Insufficiency of the Evidence*

In her first point of error, Yates complains that the evidence was insufficient because it failed to show, beyond a reasonable doubt, that she committed the voluntary acts of *either* exhibiting *or* advertising obscene devices. Alternatively, Yates argues that the State is required to prove *both* means. She reasons that inasmuch as the State charged her in the conjunctive, *i.e.*, with exhibiting *and* advertising, and the trial court likewise charged in the conjunctive in the application paragraph of its charge, without objection by the State, that the State undertook a higher burden and therefore, was required to prove, by suffi-

cient evidence, *both* means of committing the offense.

The State, on the other hand, argues that it is only required to prove that Yates was authorized to *either* exhibit *or* advertise obscene devices or that she had decision-making power to *either* exhibit *or* advertise obscene devices. The State further argues that it is proper to allege alternative means by which a crime is committed and it is only necessary for it to prove one means. *Ortiz Salazar v. State*, 687 S.W.2d 502, 504 (Tex.App.—Dallas 1985, pet. ref'd). Thus, the State argues, the evidence is sufficient to support the conviction if there is evidence that Yates either exhibited the obscene devices, or that she advertised them, or both.

■ We agree with the State that it is proper to charge in the conjunctive and prove in the disjunctive and that a finding by the jury of either exhibiting *or* advertising would be sufficient, *see Ortega v. State*, 668 S.W.2d 701, 707 (Tex.Crim.App. 1984), *if* the trial court in its application of the law to the facts instructs the jury in the disjunctive. Here, however, the trial court did not.

■ Here the trial court charged the jury, in pertinent part, as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Violet Yates, on or about the 23rd day of April, A.D. 1987, in the County of Dallas, and State of Texas, as alleged in the Information, did unlawfully did [sic] then and there knowingly and intentionally promote six or more obscene devices, namely dildos [sic], by *exhibiting and advertising* said devices, knowing the content and character of the said devices, you will find the defendant guilty of the offense of obscenity and so say by your verdict, and you will make no finding in this verdict as to punishment....

(Emphasis added.) Since the charge instructed the jury that it must find both exhibiting *and* advertising before returning a guilty verdict, it is necessary that

there was sufficient evidence of both means alleged. *See id.* In other words, to overrule this point of error, we must find that there was sufficient evidence to prove that Yates exhibited *and* advertised obscene devices.

### A. *Standard of Review*

■ Our review of the sufficiency of the evidence is limited to determining whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Girard v. State,* 631 S.W.2d 162, 163 (Tex.Crim.App.1982); *Lopez v. State,* 630 S.W.2d 936, 940 (Tex.Crim.App. 1982). This sufficiency test also applies to circumstantial evidence cases. *See Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim. App.1983). However, in circumstantial evidence cases, if the evidence supports a *reasonable* inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Kirven v. State,* 751 S.W.2d 212, 215 (Tex. App.—Dallas 1988, no pet.). It is not required that the circumstantial evidence should, to a moral certainty, actually exclude every hypothesis other than the guilt of the accused. *Id.* Rather, the evidence need only exclude *reasonable* hypotheses consistent with the circumstances and facts proved. *Id.* Additionally, each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State,* 621 S.W.2d 597, 601 (Tex.Crim. App.1980) (op. on reh'g).

With this standard of review in mind, we note that section 43.23 of the Texas Penal Code makes it a criminal offense to "promote" obscene material or devices. Promotion can be done either by exhibiting or advertising, or by an offer or agreement to do the same. *See* TEX.PENAL CODE ANN. § 43.21(a)(5) (Vernon 1989). The terms "exhibit" and "advertise" are not defined by the penal code; therefore, their ordinary meanings or common usage apply.

*See Howard v. State;* 690 S.W.2d 252, 254 (Tex.Crim.App.1985); *Hudson v. State,* 737 S.W.2d 838, 839 (Tex.App.—Dallas 1987, pet. ref'd).

### B. *Definitions*

■ In defining a term's ordinary meaning or common usage, the Court of Criminal Appeals has previously referred to BLACK'S LAW DICTIONARY. *See Holladay v. State,* 709 S.W.2d 194, 196 (Tex.Crim. App.1986). According to BLACK'S, advertise means:

> To advise, announce, apprise, command, give notice of, inform, make known, publish. *On call to the public attention by any means whatsoever.* Any oral, written, or graphic statement made by the seller in any manner in connection with the solicitation of business and includes, without limitation because of enumeration, statements and representations made in a newspaper or other publication or on radio or television or contained in any notice, handbill, sign, catalog, or letter, or *printed on or contained in any tag or label attached to or accompanying any merchandise.*

BLACK'S LAW DICTIONARY 50 (5th ed. 1979) (emphasis added). Yates, as manager and sole employee, certainly had control and custody of the premises. While in control and custody of the premises, Yates called the public's attention to the devices by prominently displaying them in racks. Additionally, the devices had statements and representations printed on red tags attached to the merchandise. Consequently, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, and excluding every other reasonable hypothesis raised by the evidence, that Yates advertised obscene devices knowing the content and character thereof.

■ As for the contention that Yates "exhibited" the devices, according to BLACK'S, "exhibit" means "[t]o show or *display*; to offer or present for inspection. To produce anything in public, so that it may be taken into possession." BLACK'S LAW DICTIONARY, 514 (5th ed. 1979) (emphasis added). Yates was in control and

custody of the premises, and the devices were *displayed* prominently on racks. Therefore, based on the evidence, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, and excluding every other reasonable hypothesis raised by the evidence, that Yates exhibited the devices knowing the content and character thereof. Consequently, we overrule Yates' first point of error.

■ In Yates' second point, she claims that her conviction violated the due process clause of the Fourteenth Amendment to the United States Constitution and the comparable guarantee of Article I, Section 10 of the Texas Constitution. Specifically, she claims that she had insufficient notice that the objects confiscated from her work place were obscene. We disagree.

Section 43.21(a)(7) of the Texas Penal Code states: "Obscene device means a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." This section expressly states that the term "obscene device" includes a "dildo."

Yates does not argue that the devices were not dildos. In fact, Yates admitted to Officer Bernal that she used these devices (dildos) since she did not have a husband or boyfriend. In response to questions by the prosecutor, Officer Bernal testified:

Q. Okay. And have you had an occasion to talk with this Defendant about the use of these devices?

A. I have.

Q. What was her response?

A. She stated that she didn't have a boyfriend or a husband and that she had several of these [sic] type of devices and she used them on a regular basis.

Q. Was it your understanding or tell the jury whether or not it was your understanding that she was using these for sexual gratification.

A. That was my understanding.

In light of these facts, Yates can hardly argue that she had no notice that these dildos were obscene devices within the meaning of Section 43.21(a)(7).

Additionally, in *Red Bluff Drive-in Inc. v. Vance*, 648 F.2d 1020, 1027–28 (5th Cir. 1981) *cert. denied, Theatres West v. Holmes*, 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982), the Fifth Circuit determined that section 43.21(a)(7) passed all constitutional challenges. Finally, at least one Texas court has found that section 43.21 provides adequate notice of what constitutes an obscene device, including the term dildo, and the court at least implicitly holds that section 43.21 does not violate Article I, section 10 of the Texas Constitution. *See Moses v. State*, 630 S.W.2d 337, 338–40 (Tex.App.—Houston [14th Dist.] 1982, no pet.) *overruled on other grounds, Davis v. State*, 658 S.W.2d 572, 580 (Tex. Crim.App.1983). We agree with *Red Bluff* and *Moses;* therefore, we overrule Yates' second point of error.

■ In Yates' third point of error, she claims that the trial court abused its discretion by permitting the State to amend the charging instrument on the day of the trial over Yates' objection. We disagree. Originally, the information read, in relevant part, "... did then and there unlawfully, knowingly and intentionally promote six or more obscene devices, namely dildos, by *manufacturing, exhibiting* and *advertising* said devices, knowing the content and character of said devices" (emphasis added). After the amendment, the information read: "... did then and there unlawfully, knowingly and intentionally promote six or more obscene devices, namely dildos, by *exhibiting* and *advertising* said devices, knowing the content and character of the said devices" (emphasis added).

As the above quotations reveal, the court merely allowed the State to delete the word "manufacturing" from the information. Thus, there was no amendment, but merely an abandonment of one of the ways or means by which the offense could be committed. *Garcia v. State*, 537 S.W.2d 930, 933 (Tex.Crim.App.1976). As a result, there was no violation of art. 28.10 of the Texas Code of Criminal Procedure. *Id.*

Thus, we overrule Yates' third point of error.

Finally, in Yates' fourth point of error, she asserts that the trial court abused its discretion in restricting the cross-examination of a State's witness regarding other possible uses of devices that were offered into evidence by the State. However, Yates did not make an offer of proof, and error may not be predicated upon a ruling that excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the trial court by offer or was apparent from the context within which questions were asked. TEX.R. CRIM.EVID. 103(a)(2); *See Brown v. State*, 750 S.W.2d 340, 340–41 (Tex.App.— Beaumont 1988, no pet.); TEX.R.APP.P. 52(b). Based on the record before us, we conclude that the substance of the evidence was not apparent from the context within which questions were asked. Therefore, we overrule Yates' fourth point of error and affirm the trial court's judgment.