George M. BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–01205–CR.

Court of Appeals of Texas,
Dallas.

Dec. 1, 1992.

Larry Mitchell, Dallas, for appellant.

Yolanda M. Joosten, Asst. Dist. Atty., Dallas, for appellee.

Before STEWART, BAKER and OVARD, JJ.

## OPINION ON REMAND

BAKER, Justice.

We deny the State's first and second motions for rehearing. We withdraw our opinion of September 10, 1992. The following is now the Court's opinion. We reverse the trial court's judgment. We remand the cause for a new trial.

## OPINION ON STATE'S FIRST MOTION FOR REHEARING

On original submission we assumed, without deciding, that after the trial began, the trial court erred by permitting the State to amend the indictment over appellant's objection. However, we held the court's error subject to a harm analysis. *See* Tex.R.App.P. 81(b)(2); *Brown v. State,* 800 S.W.2d 569, 571 (Tex.App.—Dallas 1990), *rev'd,* 828 S.W.2d 762 (Tex.Crim.App. 1991). After conducting a harm analysis, we determined the error was harmless. Tex.R.App.P. 81(b)(2); *Brown,* 800 S.W.2d at 571; *see Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989).

The court of criminal appeals granted appellant's petition for discretionary review to decide whether a violation of article 28.-10(b) is subject on appeal to a harm analysis under rule 81(b)(2). *See* Tex.Code Crim. Proc.Ann. art. 28.10(b) (Vernon 1989); Tex. R.App.P. 81(b)(2). On discretionary review, the court of criminal appeals held a violation of article 28.10(b) is not subject to a harm analysis under rule 81(b)(2). *See Brown,* 828 S.W.2d at 764. That court remanded the cause for this Court to reconsider appellant's first point of error.[1] The

---

1. In a footnote, the court of criminal appeals said: "On remand, it might be well for the court of appeals to consider, if adequately briefed, whether the word 'Yolander' was, indeed, surplusage and, if so, whether the removal of surplusage from an indictment constitutes an amendment within the meaning of article 28.10, V.A.C.C.P." *Brown,* 828 S.W.2d at 763.

State, in its first motion for rehearing, contends the deletion was surplusage and not within the meaning of article 28.10.

## APPLICABLE FACTS

The State charged appellant with arson. The indictment alleged that the habitation owner was "Yolander Evette Weeks." The State called the complainant as its first witness. On cross examination the complainant spelled her first name as "Yolanda."

When the State rested, appellant moved for an instructed verdict on the ground of the variance between the spelling of the complainant's name in the indictment and at trial. The trial court denied appellant's motion. However, the court said it intended to charge the jury on the law of *idem sonans. See Jackson v. State*, 419 S.W.2d 370, 371 (Tex.Crim.App.1967).

The defense presented evidence and rested its case. The State then orally moved to strike the word "Yolander" as surplusage. Appellant objected to the State's motion. Appellant argued that the complainant's first name was not surplusage because the complainant's name was an essential allegation. The trial court overruled this objection and granted the State's motion to amend.

## APPELLANT'S POINT OF ERROR

In his first point of error, appellant argues that although article 28.10 of the Code permits the State to seek an amendment after the trial begins, section (b) denies the State that right if the defendant objects. *See* TEX.CODE CRIM.PROC.ANN. art. 28.10(b) (Vernon 1989). The court of criminal appeals agrees.

■ Article 28.10(b) provides that the State may amend a matter of form or substance in an indictment or information after the trial on the merits begins if the defendant does not object. *See* TEX.CODE CRIM.PROC.ANN. art. 28.10(b) (Vernon 1989). The court of criminal appeals has held that

the language of 28.10(b) is clear and unambiguous. It stated that if the defendant, after trial on the merits begins, interposes a timely objection to the State's proposed amendment, be it to form or substance, the amendment is absolutely prohibited. *See Hillin v. State*, 808 S.W.2d 486, 488 (Tex. Crim.App.1991).

In *Hillin*, the court concluded that under section (b) a defendant has absolute veto power over proposed amendments after the trial on the merits begins. *Hillin*, 808 S.W.2d at 489. The *Brown* court held that a trial court should not tolerate any breach of article 28.10, regardless of its probable effect on the outcome of the trial. It also held that a reviewing court should not speculate about the error's impact under rule 81(b)(2). *Brown*, 828 S.W.2d at 764.

Here, the State sought to amend after the trial began. Appellant objected. The trial court erred in granting the State's motion over appellant's objection. *Brown*, 828 S.W.2d at 764; *Hillin*, 808 S.W.2d at 489. We do not subject the trial court's error to a harm analysis. *Brown*, 828 S.W.2d at 764; *Hillin*, 808 S.W.2d at 489. We must sustain appellant's first point of error unless the word "Yolander" was surplusage and the State's attempt to amend [2] was not an amendment within the meaning of article 28.10. *See* TEX.CODE CRIM.PROC. ANN. art. 28.10(b) (Vernon 1989).

## THE STATE'S CONTENTIONS

In its first motion for rehearing, the State argues that the deletion of the word "Yolander" was not an attempt to amend within the meaning of article 28.10. The State advances four arguments to support this contention: (1) the attempted deletion of the word "Yolander" from the indictment was the removal of "surplusage" from the allegation of the name of a person that must be alleged in the indictment under article 21.07 of the Code of Criminal Procedure, *see* TEX.CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1989); (2) the attempted deletion was analogous to the types of

---

**2.** The grant of the State's motion to amend does not, in and of itself, complete the amendment process. *See* TEX.CODE CRIM.PROC.ANN. art. 28.11 (Vernon 1989); *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App.1992).

changes made in indictments when the State elects to abandon allegations or elects between one of several means of committing an offense; (3) the attempted deletion was analogous to the State's intention to proceed with a lesser-included offense; or (4) the attempted deletion was the removal of surplusage, defined as unnecessary words that are not descriptive of that which is legally essential to the indictment's validity.

## ALLEGATION OF NAME

Article 21.07 of the Code of Criminal Procedure provides:

> In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment.

TEX.CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1989).

■ When a person is known by two or more names, article 21.07 allows the State to allege either name in the indictment. *See Blankenship v. State,* 785 S.W.2d 158, 159 (Tex.Crim.App.1990); *Ramos v. State,* 688 S.W.2d 135, 136 (Tex. App.—Corpus Christi 1985, no pet.). If the evidence shows that the person was known by the name alleged in the indictment, then the issue is raised and properly left for the jury to determine. *Blankenship,* 785 S.W.2d at 160.

■ If the question is one of *idem sonans,* sound, not spelling of a name, controls in determining similarity of names. *See Jackson,* 419 S.W.2d at 371. The rule of *idem sonans* does not permit the State to amend the name of the complainant in the indictment. *See Jackson,* 419 S.W.2d at 371. When the question of *idem sonans* arises at the trial, it is a fact for the jury to decide under instructions from the court. *Jackson,* 419 S.W.2d at 371.

## WHEN AN AMENDMENT IS NOT AN AMENDMENT

■ A review of applicable authorities reveals three exceptions to the application of article 28.10. These are when the State moves to: (1) change allegations in the indictment to abandon one of the ways or means by which an accused may commit an offense; (2) abandon an allegation in the indictment if the effect of the abandonment is to try the accused on a lesser-included offense; or (3) delete surplusage.

### A. Abandonment—Ways and Means of Committing an Offense

■ When a statute provides for more than one way or means by which an accused may commit an offense and those ways or means are subject to the same punishment, the State may charge them conjunctively in one count. *See Garcia v. State,* 537 S.W.2d 930, 932 (Tex.Crim.App. 1976). Allegation and proof of any of the statutory means for committing the offense supports a conviction. *Garcia,* 537 S.W.2d at 933. The State may abandon one or more of the ways or means to commit an offense without violating article 28.10. *Garcia,* 537 S.W.2d at 933; *see also Yates v. State,* 766 S.W.2d 286, 290 (Tex.App.— Dallas 1989, pet. ref'd).

### B. Abandonment—Trial of a Lesser–Included Offense

The State may abandon an allegation essential to the offense charged if the effect of the abandonment is to try the accused on a lesser-included offense. *See Allison v. State,* 618 S.W.2d 763, 764 (Tex.Crim. App. [Panel Op.] 1981); *Stockton v. State,* 756 S.W.2d 873, 875 (Tex.App.—Austin 1988, no pet.). This abandonment is not an amendment within the scope of article 28.-10. *Allison,* 618 S.W.2d at 764; *Stockton,* 756 S.W.2d at 875.

### C. Surplusage

We treat as surplusage allegations that are not essential to constitute the offense,

and that can be omitted without affecting the charge against the defendant, and without detriment to the indictment. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex. Crim.App.1990). If the allegation is surplusage, we may disregard it. *Whetstone,* 786 S.W.2d at 364; *see Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983); *Burrell v. State,* 526 S.W.2d 799, 802 (Tex. Crim.App.1975).

■ However, there is a well-recognized exception to the general surplusage rule. Where the unnecessary matter is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged though needlessly pleaded. *Wray v. State,* 711 S.W.2d 631, 633 (Tex. Crim.App.1986); *see Whetstone,* 786 S.W.2d at 364; *Clark v. State,* 665 S.W.2d 476, 484 (Tex.Crim.App.1984).

■ When the indictment describes a necessary person, place, or thing with unnecessary particularity, the State must prove all circumstances of the description. *Burrell,* 526 S.W.2d at 802. Such pleadings of particularity, even if unnecessary, cannot be rejected as surplusage because the State has made the matter essential to the identity of the person, place, or thing. *Burrell,* 526 S.W.2d at 803.

■ The name of the complaining witness is a matter of substance. *Ward,* 829 S.W.2d at 795; *Brasfield v. State,* 600 S.W.2d 288, 301–02 (Tex.Crim.App.1980) (op. on reh'g), *overruled on other grounds, Janecka v. State,* 739 S.W.2d 813, 819 (Tex. Crim.App.1987).

### APPLICATION OF THE LAW TO THE FACTS

#### A. Allegation of Name

■ The State's first contention is that the attempted deletion of "Yolander" was a removal of surplusage under article 21.07. *See* TEX.CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1989). The State contends it could have proved either of the two names it pleaded. The State argues the complainant's testimony shows she was known by both names. The State relies on *Blankenship* and *Ramos* to support its argument.

Article 21.07 provides that when a person is known by two or more names, it shall be sufficient to state either name. *See* TEX. CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1989). In this indictment, the State did not allege either name; the State alleged both names. In *Blankenship,* the State alleged the complaining witness's name was Armando Sanroman. However, at trial the evidence showed the victim's name was Rudolfo Sanroman, who was Armando Sanroman's brother. The evidence showed a witness erroneously reported the victim's name to law enforcement officers. Rudolfo testified his name was reported to the officers as that of his brother. The law enforcement officers testified they knew the victim as Armando, not Rudolfo. *Blankenship,* 785 S.W.2d at 159. In *Blankenship,* the evidence showed the victim was known by two different first names. If the evidence shows that the person was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine. *Blankenship,* 785 S.W.2d at 160. In *Blankenship,* there was no deletion or change in the indictment.

In *Ramos,* the indictment charged the killing of Hilario Cervantes. The proof showed the victim's name was Hilario Roquis. In *Ramos,* the death certificate identified the victim as Hilario Roquis. The death certificate listed his father's surname as Roquis and his mother's surname as Cervantes. The evidence in *Ramos* showed the custom of Mexican nationals using both parent's surnames. A detective involved in the case identified the victim as Roquis Cervantes. An eyewitness identified the victim as Hilario Cervantes. *Ramos,* 688 S.W.2d at 136. In *Ramos,* there was no amendment of the indictment.

Neither *Blankenship* nor *Ramos* supports the State's argument. We reject the State's argument that article 21.07 controls in this case.

#### B. Abandonment—Means of Committing an Offense

■ The State next argues the attempted deletion of the word "Yolander" from

the indictment is analogous to the State electing to abandon allegations or electing between one of several means of committing an offense. The State contends this type of election falls outside article 28.10. The State's conclusion is correct, but its premise is faulty.

It is true, when the State abandons one or more of the ways or means to commit an offense, the amendment does not violate article 28.10. *See Garcia,* 537 S.W.2d at 933; *Yates,* 766 S.W.2d at 290. However, the attempted deletion of the word "Yolander" is not a deletion to abandon one or more ways or means to commit an offense. This exception does not apply in this case.

### C. Abandonment—Trial of a Lesser–Included Offense

■■■ The State next discusses deletions in indictments that announce the State's intention to proceed with a lesser-included offense. The State correctly observes this type of amendment is outside the purview of article 28.10. *See Horst v. State,* 758 S.W.2d 311, 313 (Tex.App.—Amarillo 1988, pet. ref'd); *Stockton,* 756 S.W.2d at 875. However, the State does not explain how this type of amendment applies in this case.

The State tried to delete the complainant's first name. The State did not attempt an amendment to try appellant on a lesser-included offense. This exception to article 28.10 does not apply in this case.

### D. Surplusage

■■■ Finally, the State argues that the attempted deletion of the word "Yolander" is outside the scope of article 28.10 because the word was surplusage. The State correctly defines surplusage as unnecessary words that are not descriptive of that which is legally essential to the validity of the indictment. *See Whetstone,* 786 S.W.2d at 364; *Starkey v. State,* 704 S.W.2d 805, 808 (Tex.App.—Dallas 1985, pet. ref'd). The State does not explain why the word "Yolander" is not legally essential to the validity of the indictment. Neither does the State discuss the exception to the surplusage rule.

■■■ In our view, the exception to the surplusage rule applies here. Where the alleged unnecessary matter is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged, though needlessly pleaded. *Wray,* 711 S.W.2d at 633; *see also Whetstone,* 786 S.W.2d at 364; *Clark,* 665 S.W.2d at 484. The name of the complaining witness is a matter of substance. *Ward,* 829 S.W.2d at 795; *Brasfield,* 600 S.W.2d at 301–02.

The State alleged the complaining witness was "Yolander Evette Weeks." Since the State alleged the full name of the complaining witness, the State had the burden of proving it. *Wray,* 711 S.W.2d at 633; *Burrell,* 526 S.W.2d at 802–03.

If the complaining witness was known by two different names, then the evidence raised the issue and it was a fact issue for the jury. *Blankenship,* 785 S.W.2d at 160. If *idem sonans* applied to the complaining witness's first name, then again it was a fact issue for the jury under proper instructions from the court. *Jackson,* 419 S.W.2d at 371.

The State chose to try to remedy the problem by moving to amend the indictment. The attempted amendment went to a matter of substance. We hold the attempted deletion of the complainant's first name was not a deletion of surplusage. *Ward,* 829 S.W.2d at 795.

Appellant objected to the State's motion to amend. Since the motion to amend came after the trial began and the appellant made a timely objection, the trial court erred by overruling the objection. *Brown,* 828 S.W.2d at 764; *Hillin,* 808 S.W.2d at 488. The trial court's error is not subject to a harm analysis. *Brown,* 828 S.W.2d at 764; *Hillin,* 808 S.W.2d at 488.

We reverse the trial court's judgment. We remand the cause for a new trial.

### OPINION ON THE STATE'S SECOND MOTION FOR REHEARING

Following the issuance of our withdrawn opinion of September 10, 1992, the State filed its second motion for rehearing. In that motion, the State contends that the

issue of the amendment of the indictment is moot because of the decision of the court of criminal appeals in *Ward v. State.* *See Ward,* 829 S.W.2d at 787.

### A. The State's Contention

The State contends that under the record in this case there was no amendment to the indictment and, therefore, no violation of article 28.10.

The State points out that although the trial court overruled appellant's objection and granted the State's motion to strike the word "Yolander" from the indictment, the record does not contain a written order. Neither does the indictment contain an interlineation or marking that deletes the word "Yolander." However, in the application paragraph of the jury charge, the complainant's name appears as "Evette Weeks."

Under *Ward,* an amendment means the actual alteration of the charging instrument. *See Ward,* 829 S.W.2d at 798. As the State correctly points out, the indictment itself must be physically altered. *See Ward,* 829 S.W.2d at 798. The State concludes that because of *Ward,* this Court cannot sustain appellant's first point of error. We disagree.

### B. What *Ward* Says

In *Ward,* on the day of trial, the State moved to amend the indictment to change the name of the complaining witness from "Seth Haller" to "Steve Scott." Ward objected to the State's motion, contending that to allow the amendment would charge him with a new, different, or additional offense.[3] The trial court overruled Ward's objection. The trial court's order stated, "The foregoing motion is hereby granted and the indictment is hereby amended." Despite this language, the new complainant's name was not interlined on the grand jury's indictment.

In *Ward,* the court of criminal appeals held that the amendment of an indictment involves the interpretation of both articles 28.10 and 28.11. *See* Tex.Code Crim.Proc.

Ann. arts. 28.10, 28.11 (Vernon 1989); *Ward,* 829 S.W.2d at 790. In essence, the court of criminal appeals held amending an indictment is a two-step process. The State must make a timely motion under article 28.10. If the trial court determines the proposed amendment is proper under article 28.10, the court may grant the motion to amend. The actual amendment is accomplished by following article 28.11. *See Ward,* 829 S.W.2d at 794.

### C. Application of *Ward* to the Facts of this Case

It is true that under the facts of this case, there was not an effective amendment of appellant's indictment. *Ward,* 829 S.W.2d at 794. However, *Ward* does not render appellant's first point of error moot. His point complains the trial court's grant of the State's motion to amend was erroneous. His objection was good under article 28.10(b). *See* Tex.Code Crim.Proc.Ann. art. 28.10(b) (Vernon 1989); *Brown,* 828 S.W.2d at 764. *Brown* teaches us that whether it be of form or substance, any attempt by the State to amend after the trial begins over a timely objection by a defendant is prohibited. The error appellant complains of is the trial court's grant of the State's motion to amend over his objection. That objection was timely and valid. It is reversible error not subject to a harm analysis. *Brown,* 828 S.W.2d at 764. We conclude *Ward* does not render this point moot.

---

**3.** Ward did not object that article 28.10 does not permit the State to amend on the day of trial.

*See State v. Murk,* 815 S.W.2d 556, 558 (Tex. Crim.App.1991).