NUMBER 13-04-532-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

ISY LEE ZAYAS,                                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 357th District
Court of Cameron County, Texas.

 

                                MEMORANDUM
OPINION 

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                            Memorandum
Opinion by Justice Garza                                   








A jury convicted appellant, Isy Lee Zayas, of
possession of marijuana in an amount of fifty pounds or less, but more than
five pounds.  See  Tex.
Health & Safety Code Ann. ' 481.121(b)(4) (Vernon 2003).   Appellant was sentenced to seven years= confinement and now appeals her conviction, arguing
that the trial court erred in failing to grant a mistrial because (1) the State
improperly offered testimony of an extraneous offense by appellant, and (2)
evidence was introduced by the State that appellant did not make a statement to
officers after her arrest.  For the
reasons that follow, we affirm the judgment of the trial court.

Standard of Review

We review a trial court's denial of a motion for
mistrial for abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999).   A mistrial is only required if the impropriety
is clearly calculated to inflame the minds of the jury and is of such a
character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jury.  Hinojosa
v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999). 

Preservation of Error

To preserve a complaint for appellate review, a
party must present a timely request, objection, or motion to the trial court
stating the specific grounds for the desired ruling if the specific grounds are
not apparent from the context.  Tex. R. App. P. 33.1(a); Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).  Generally, a party's failure to timely and
specifically object at trial forfeits any error.  See Blue, 41 S.W.3d at 131.  The proper method to preserve error regarding
inadmissible evidence is to (1) object timely, (2) request that the trial court
instruct the jury to disregard the objectionable evidence, and (3) move for a
mistrial.  Coe v. State, 683
S.W.2d 431, 436 (Tex. Crim. App. 1984).

Extraneous Offense

 

In her first issue, appellant contends the trial
court erred by denying her motion for mistrial after the State improperly
offered testimony of an extraneous offense.   









During the State=s
direct examination of Officer Johnson, Johnson testified that he recognized
appellant because he had previously stopped her for a traffic violation.  Appellant complains of the following
testimony provided by Johnson in response to the State=s inquiry into why Johnson remembered the previous
traffic stop:

A. [By Johnson]:        She
was southbound on the expressway.  I
stopped her, I don=t remember what the violation was.  She was with two other females.  They were coming from Kingsville.  They stated that they had court in Kingsville
on a possession of marijuana charge.  

 

Appellant=s counsel objected to the form of the manner in
which the statement was elicited, and objected to the testimony on grounds that
it was immaterial and prejudicial. 
Counsel also moved for mistrial. 
The trial court overruled the objection. 


The record reflects that the same evidence was introduced
a second time, during defense counsel=s cross-examination of Officer Bayreaux.  The following exchange occurred:  

Q. [Appellant=s counsel]:       And
at what point, isn=t it at that point that you talk to Mrs. Zayas that
you then call Officer Johnson to comeBor not Officer Johnson to comeBbut asked for a back up, or assistance? 

 

A. [Officer Bayreaux]:            No.  After I asked
them for their identification card, their driver=s
license, I ran a check on both of them, of their driver=s license. 
Mrs. Cedillo was clear, and it came back on Mrs. Zayas, had a possession
of marijuana charge.  

 

[Appellant=s Counsel]:           Your
Honor, I object.  That=s unresponsive. 
I move for a mistrial and ask the jury to be instructed to disregard the
last statement.  

 

THE COURT:             All
right.  Mistrial is denied.  Only answer the question, please.  

 








Immediately after the above exchange, appellant=s counsel proceeded to ask Officer Bayreaux the
following question:  

Q. [Appellant=s Counsel]:      [I]sn=t it a fact sir that the only reason that you stopped
these people is because you ran a NCIC and a TCIC and you found out that Mrs.
Zayas had a previous arrest for possession of marijuana, isn=t that correct? 


 

On appeal, appellant argues that the trial court
erred in admitting evidence of the extraneous offense because its probative
value was outweighed by its prejudicial effect. 
She cites Texas Rules of Evidence 401, 403, and 404(b) in support of her
contention.   

The State responds that appellant has not preserved
this complaint for review because (1) appellant did not object under rule 404,
(2) the objections raised did not specify that the testimony was not relevant
or involved extraneous offenses, and (3) appellant did not object every time
the same evidence was offered.  We agree.

At trial, appellant=s
objection to the first mention of the extraneous offense complained of (1)
form, (2) prejudice, and (3) immateriality. 
The second objection was solely made on grounds that the answer was
non-responsive.  An objection under both
rules 404(b) and 403 is required to preserve error regarding the admission of
evidence of an extraneous offense.  Montgomery
v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g).  Appellant did not object on these
grounds.  If a complaint on appeal does
not comport with an objection made at trial, the issue is not preserved for
appellate review.  See Tex. R. App. P. 33.1; Goff v. State,
931 S.W.2d 537, 551 (Tex. Crim. App. 1996). 
Thus, appellant has failed to preserve the error for review. 








Moreover, even if the issue had been preserved, and
assuming there was an actual error in the admission of the testimony, appellant
forfeited her right to complain of any error because the same evidence came in,
without objection, through testimony solicited by appellant=s counsel.  See
Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (stating that an
appellant waives any error regarding improperly admitted evidence if that same
evidence is brought in later by the defendant or by the State without
objection); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991). 

Thus, even if it were properly before this Court, we
would overrule appellant's first issue.

Post-Arrest Silence

In her second issue, appellant contends that the
trial court erred by denying her motion for mistrial after an improper comment
was made regarding her post‑arrest silence.  Specifically, when the State asked Officer
Bayreaux if appellant gave any statements after her arrest, Bayreaux answered
that she did not.  Appellant's counsel objected
and requested a mistrial.  The court did
not rule on the objection, but it denied the request for a mistrial.  Appellant=s
counsel did not ask the court to give the jury an instruction to disregard the
statement.  The State contends appellant
therefore failed to preserve error.  We
agree.








A comment on a defendant's post‑arrest silence
violates the prohibition against self‑ incrimination provided by the
Fifth Amendment to the United States Constitution and Article I, Section 10 of
the Texas Constitution.  Doyle v. Ohio,
426 U.S. 610, 618 (1976); Dinkins v. State, 894 S.W.2d 330, 356 (Tex.
Crim. App. 1995); Sanchez v. State, 707 S.W.2d 575, 580 (Tex. Crim. App.
1986); see U.S. Const.
amend. V; Tex. Const. art. I, ' 10.  A
comment on a defendant's post‑arrest silence is akin to a comment on his
failure to testify at trial in that it attempts to raise an inference of guilt
arising from the invocation of a constitutional right.  Dinkins, 894 S.W.2d at 356. 

However, the asking of an improper question about
post-arrest silence will seldom call for a mistrial because, in most cases, any
harm can be cured by an instruction to disregard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App.1999).  Generally, an
instruction to disregard may be sufficient to cure error in cases of isolated
comments on a defendant's post‑arrest silence.  See Dinkins, 894 S.W.2d at 356
(stating witness's comment on defendant's lack of remorse was improper comment
on post‑arrest silence, but error was cured by instruction to jury); see
also Garza v. State, 878 S.W.2d 213, 221 (Tex. App.BCorpus Christi 1994, pet. ref'd) (stating that even
if comment on lack of written statement by defendant were improper comment on
post‑arrest silence, error cured by instruction to jury); but see
Veteto v. State, 8 S.W.3d 805 (Tex. App.BWaco
2000, pet. ref'd) (repeated and flagrant comments on defendant's post‑arrest
silence warranted new trial despite instructions to disregard).  An instruction to disregard is considered
effective unless the facts of the particular case suggest the impossibility of
withdrawing the impression produced on the minds of the jury.  Franklin v. State, 693 S.W.2d 420, 428
(Tex. Crim. App. 1985).  The failure to
request an instruction to disregard forfeits error if the error could have been
cured by the instruction, even if an objection and a motion for a mistrial have
been made.  Mills v. State, 747
S.W.2d 818, 821‑22 (Tex. App.BDallas 1987, no pet.). 








The record reflects that appellant=s counsel did not object until after the question
was asked and answered, and although he objected, counsel did not secure a
ruling on the objection.  See Polk v.
State, 729 S.W.2d 749, 752‑53 (Tex. Crim. App. 1987) (holding that
objections made after questions are answered do not preserve error for appeal);
see also Tex. R. App. P.
33.1; Moore v. State, 999 S.W.2d 385, 403 (Tex. Crim. App. 1999)
(stating that to preserve error for appeal, appellant must show that she both
timely objected and obtained a ruling from the trial court, otherwise any error
is waived).  The record also reflects
that the trial court only ruled on appellant=s
request for a mistrial and that appellant did not ask the court to instruct the
jury to disregard.  See Mills, 747
S.W.2d at 821‑22.  

In the instant case, there was only an isolated
reference to appellant's post‑arrest silence.  Although it was objectionable, the remark was
not so inflammatory that it could not have been cured by an instruction to
disregard.  See Dinkins, 894
S.W.2d at 356; see also Garza, 878 S.W.2d at 221.  We therefore conclude that, even if this
issue were properly before this Court, appellant has not shown reversible
error.   We overrule appellant=s second issue.

The judgment of the trial court is affirmed.

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 17th day of November, 2005.